# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KOMAAL ANDREA RAMDATH,

Plaintiff,

v. Case No.: 6:26-cv-00954-PGB-LHP

WALGREEN CO., OPTUMRX, INC.,

Defendants,

---

## ORDER

Plaintiff Komaal Andrea Ramdath, proceeding *pro se*, has filed a Motion to Compel Production of HRIS, Benefit, and Data-Integration Records from Walgreen Co. ("Walgreens") and OptumRx., Inc. ("OptumRx"), Doc. No. 36, which is now before the Court. By this motion, Plaintiff asks the Court to compel production of various documents that she contends Defendants failed to produce, to include:

> HRIS Change History Logs, separation-code metadata, leave-classification records, benefits eligibility snapshots, PBM eligibility feeds, and SSA reporting transmissions maintained or transmitted through Walgreens' enterprise benefits administrator, Alight Solutions.

Doc. No. 36, at 1. To the motion, Plaintiff attaches her First Request for Production of Documents ("RFPs"), which requests production of documents and electronically stored information ("ESI") responsive to six categories of information. Doc. No. 36-2, at 1-2. Plaintiff also attaches her First Set of Interrogatories, of which there are

thirteen, Doc. No. 36-2, at 2-5, as well as Defendants' responses to both sets of discovery, Doc. Nos. 36-3 through 36-5.

Defendants respond in opposition, stating that Plaintiff's motion (Doc. No. 36) does not clearly identify which of Plaintiff's formal discovery requests correspond to the records Plaintiff seeks in her motion. Doc. Nos. 37, 38. Defendants also argue that the discovery Plaintiff seeks in her RFPs and interrogatories is not relevant, and that Defendants lack possession, custody, and control over the records sought. Doc. Nos. 37, 38. In addition, Walgreens[1] objects on the basis that Plaintiff's discovery requests are vague and ambiguous. Doc. No. 37.

Upon consideration, the Court finds Defendants' first argument to be dispositive. It is entirely unclear from Plaintiff's motion which of the categories of documents listed in her motion relate to which requests for production and/or interrogatories. In addition, the descriptions Plaintiff provides in her motion for the documents at issue do not appear to align with any of the descriptions provided in the requests for production and/or interrogatories. Simply put, neither Defendants, nor the Court, can ascertain whether Plaintiff ever actually made

---

[1] The Court notes that Walgreens moved to dismiss Plaintiff's second amended complaint in state court. Doc. No. 1-2, at 1; Doc. No. 1-4, at 92-96. However, Local Rule 1.06(c) provides that "a motion pending in state court when the action is removed is denied without prejudice," and as of the date of this Order, Walgreens has not filed an answer or otherwise responded to Plaintiff's second amended complaint in federal court.

formal discovery requests for any of these documents, and for that reason alone, Plaintiff's motion is due to be denied. *See Campbell v. Universal City Dev. Partners, Ltd.*, No. 6:20-cv-846-PGB-LHP, 2023 WL 6620939, at *1-2 (M.D. Fla. Oct. 11, 2023) (denying without prejudice motion to compel where plaintiff failed to identify any specific discovery requests at issue, because "absent a valid discovery request to support [her] argument, the Court is not inclined to entertain it."); *Hirsch v. Lyndon S. Ins. Co.*, No. 3:17-cv-1215-J-39JBT, 2019 WL 13082687, at *3 (M.D. Fla. Apr. 9, 2019) (denying without prejudice motion to compel where plaintiff failed to tie the requested discovery to any specific discovery requests; and noting that "the Court will not order Defendants to produce information without knowing exactly what information is at issue, whether such information is discoverable, and what discovery requests encompass such information.").[2] *See also Caruthers v. McCawley*, No. 8:07-cv-134-T-30TBM, 2008 WL 4544461, at *2 (M.D. Fla. Oct. 10, 2008) ("This Court will not compel Defendant to produce documents until he has had an opportunity to voluntarily comply with a formal discovery request for those documents and improperly declines to do so.").

[2] Because the Court cannot ascertain if Plaintiff ever served discovery covering the requested materials, the Court cannot and need not address Defendants' other objections.

In the "Requested Relief" section of the motion to compel, Plaintiff also requests to compel non-party Alight Solutions to comply with some unidentified Rule 45 subpoena. Doc. No. 36, at 2. Plaintiff does not further explain this request, and has not attached a copy of the subpoena to the motion, in violation of the Court's Standing Order on Discovery Motions. Doc. No. 19. Accordingly, to the extent Plaintiff also seeks relief regarding this unspecified subpoena, it is due to be denied.[3]

For these reasons, Plaintiff's motion (Doc. No. 36) is **DENIED without prejudice.** Any renewed motion must comply in full with all applicable Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989). In addition, Plaintiff's motion requests two separate forms of relief (compelling an unspecified subpoena on a non-party and compelling production from Defendants). If Plaintiff seeks to renew these requests, she should separate them into two motions.

---

[3] The Court directs Plaintiff's attention to the Middle District of Florida's Civil Discovery Handbook, which includes, among other things, a section discussing content and service requirements for Rule 45 subpoenas, and is available on the Court's website at https://www.flmd.uscourts.gov/civil-discovery-handbook (last visited Aug. 26, 2026). The Court also directs Plaintiff's attention to various resources available for *pro se* litigants, including the Middle District of Florida's Guide for Proceeding Without a Lawyer, which is also available on the Court's website, at https://www.flmd.uscourts.gov/litigants-without-lawyers (last visited Aug. 26, 2026).

**DONE** and **ORDERED** in Orlando, Florida on August 27, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties