# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

KOMAAL ANDREA RAMDATH,

Plaintiff,

v.

Case No.: 6:26-cv-00954-PGB-LHP

WALGREEN CO., OPTUMRX, INC.,

Defendants.

---

## ORDER

Before the Court are two motions filed by *pro se* Plaintiff Komaal Andrea Ramdath: (1) Plaintiff's Short-Form Discovery Motion to Compel Defendant Walgreen Co. (Doc. No. 59), and (2) Plaintiff's Short-Form Discovery Motion to Compel Defendant OptumRx, Inc. (Doc. No. 60). Walgreen Co. ("Walgreens") and OptumRx, Inc. ("OptumRx") have been responded in opposition. Doc. Nos. 61, 63. For the reasons stated below, both motions (Doc. Nos. 59-60) will be denied.

As an initial matter, Plaintiff has filed a document entitled "Plaintiff's Notice of Supplemental Evidence in Support of Motion to Compel OptumRx (Docket 60) and Memorandum in Opposition to Defendant's Bad-Faith Opposition (Docket 61)" (Doc. No. 68) which the Court interprets as an unauthorized reply to Defendants' oppositions. Because the filing (Doc. No. 68) is unauthorized, it is hereby **STRICKEN** and has not been further considered. *See* Local Rule 3.01(e). *See also*

*Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).

The Court now turns to the motions to compel. As summarized in the pending Report and Recommendation (Doc. No. 69), Plaintiff has asserted state law claims for fraudulent misrepresentation and tortious interference against both Defendants, apparently related to Plaintiff's May 2024 resignation from Walgreens, an allegedly fraudulent "Gross Misconduct" code entered into a "SAP/SuccessFactors HRIS system," and the use of this "Shadow Code" to create a "Logic Gate Trap" that prevented Plaintiff from re-employment and impacted Plaintiff's disability claim with the Social Security Administration. *Id.* at 2-3; *see also* Doc. No. 1-1. The motions to compel seek certain information from Walgreens and OptumRx, and like Plaintiff's second amended complaint (the operative pleading) contain numerous undefined terms, and in large part relate to a May 2021 to September 2021 time period. The Court addresses each motion in turn.

*A. The Walgreens Motion to Compel (Doc. No. 59)*

Plaintiff's motion to compel as it pertains to Walgreens relates to Request for Production No. 1, and Interrogatories No. 1 and No. 6.

Request for Production No. 1 ("RFP 1") requests copies of "All SAP/SuccessFactors system logs, audit trails, and change history metadata for the

administrative profiles associated with . . . Plaintiff Employee ID 1471115 for the period May 1st 2021-Present." Doc. No. 59-1, at 1; *see also* Doc. No. 59, at 1.[1] Walgreens objected, in relevant part, on the grounds that the phrase "SAP/SuccessFactors system logs, audit trails, and change history metadata" is undefined and therefore vague and ambiguous, and on the grounds of relevancy. Doc. No. 59-3, at 1-2. *See also* Doc. No. 63, at 2.

Upon review, the Court agrees with Walgreens. Although Federal Rule of Civil Procedure 26(b)(1) provides a broad definition of relevancy, Plaintiff, as the moving party, "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). "Relevance is determined on the basis of the existing claims and defenses in the litigation, not on unasserted claims and defenses." *Turco v. Ironshore Ins. Co.*, No. 2:18-cv-634-FtM-99-MRM, 2019 WL 2255654, at *5 (M.D. Fla. Mar. 4, 2019). Further, "a party is not required to respond to a request that contains vague or ambiguous statements." *Cutino v. Untch*, 303 F.R.D. 413, 415–16 (S.D. Fla. 2014) (quoting *Fulhorst v. United*

[1] The request seeks additional information, for which Plaintiff is not requesting relief. Doc. No. 59, at 1.

*Techs. Auto., Inc.*, No. CIV. A. 96-577-JJF, 1997 WL 873548, at *1 (D. Del. Nov. 17, 1997)).

Here, Plaintiff has neither established the relevancy of the requested information nor defined the terms at issue. The Requests for Production do not define the phrase "SAP/SuccessFactors system logs, audit trails, and change history metadata." Doc. No. 59-1. And in her motion to compel, Plaintiff does not provide any definitions or attempt to clarify her discovery request, she simply states that she needs this information to show "administrative edits to leave coding and HRIS profiles," which are not part of a standing personnel file, but does not explain why such information would be relevant to the claims asserted. *See* Doc. No. 59, at 2.

Accordingly, Walgreens' objections are sustained as to RFP 1. *See, e.g.*, *St. Paul Fire & Marine Ins. Co. v. Rosen Millennium Inc.*, No. 6:17-cv-540-Orl-41GJK, 2018 WL 3827656, at *2 (M.D. Fla. June 12, 2018) (sustaining "vague and ambiguous" objection where requests for production did not define term "binder letter"); *Sanchez v. Cardon Healthcare Network, LLC*, No. 3:12-cv-902-J-34JBT, 2013 WL 2352142, at *2 (M.D. Fla. May 29, 2013) (denying motion to compel where relevancy was not apparent from the face of the discovery request, and plaintiff did not establish relevancy in motion to compel). *See also* Fed. R. Civ. P. 26(b)(1) (authorizing discovery regarding any nonprivileged matter "that is relevant to any party's claim or defense"); Fed. R. Civ. P. 34(b)(1)(A) (requiring that each request

for production "describe with reasonable particularity each item or category of items to be inspected").

As to the interrogatories, Plaintiff requests (in part) in Interrogatory No. 1 that Walgreens identify all persons who "accessed, modified, approved, denied, or otherwise altered Plaintiff's SAP/SuccessFactors employment profile" between May 1, 2021 and September 1, 2021. Doc No. 59-2, at 2; *see also* Doc. No. 59, at 2. Walgreens objected, in relevant part, on the grounds of relevancy, stating that Plaintiff's claims relate to a May 2024 resignation and coding thereafter, and that Plaintiff has not explained how information from 2021 would be relevant to those claims. Doc. No. 59-4, at 1-2. *See also* Doc. No. 63, at 2-3.

The Court again agrees with Walgreens. In her motion to compel, Plaintiff merely states that she is entitled to this information, that she is only seeking a "defined four-month window," and that identifying these individuals is "foundational discovery." *See* Doc. No. 59 at 2. But this is not enough to demonstrate how this information would possibly be relevant to the claims Plaintiff has asserted. Accordingly, Walgreens' objections as to Interrogatory No. 1 are sustained. *See Douglas*, 2016 WL 1637277, at *2; *Sanchez*, 2013 WL 2352142, at *2.

Interrogatory No. 6 asks Walgreens to identify all systems and personnel who handled or reviewed two claims for Venlafaxine prescriptions on May 17, 2021 and May 19, 2021, and to explain the reason for any "exception-queue placement." Doc.

No. 59-2, at 3; *see also* Doc. No. 59, at 2. Walgreens objected to the extent that the interrogatory sought information about individuals not employed by Walgreens, and that the 2021 time period is not relevant to the claims asserted in this case. Doc. No 59-4, at 4-5. *See also* Doc. No. 63, at 3. Walgreens thereafter answered the interrogatory, stating that the prescriptions were originally rejected by the insurance company, but ultimately filled on May 20, 2021. Doc. No 59-4, at 4-5.

Upon consideration, Walgreens' objections are sustained as to Interrogatory No. 6. In the motion, Plaintiff merely states that Walgreens has direct knowledge of why the transactions were rejected and that Walgreens cannot stand on boilerplate objections. *See* Doc. No. 59, at 2. However, Walgreens did provide the information as to why the prescriptions were initially rejected, and did not raise any boilerplate objections. *See* Doc. No 59-4, at 4-5; *see also* Doc. No. 63, at 3. Plaintiff has not explained how Walgreens' response is otherwise deficient. *See Douglas*, 2016 WL 1637277, at *2; *Sanchez*, 2013 WL 2352142, at *2.

Plaintiff's motion to compel as to Walgreens (Doc. No. 59) is **DENIED.**

*B. The OptumRx Motion to Compel (Doc. No. 60)*

Plaintiff's motion to compel against OptumRx relates to Request for Production No. 2 ("RFP 2") and Interrogatories Nos. 2 and 6. Doc. No. 60. In RFP 2, Plaintiff seeks "adjudication data" relating to the May 17, 2021 and May 19, 2021 Venlafaxine prescriptions. Doc. No. 60-1, at 1-2; *see also* Doc. No. 60, at 1-2.

OptumRx objected on the grounds of relevancy, stating that Plaintiff's second amended complaint does not bring any claims related to these prescriptions. Doc. No. 60-3, at 2. *See also* Doc. No. 61, at 2-3.

For the same reasons discussed above, the Court sustains OptumRx's relevancy objection. Plaintiff contends that this information bears directly on "pharmacy adjudication failures alleged in the complaint," but the second amended complaint does not contain any reference to "pharmacy adjudications" or these specific prescriptions. *See* Doc. No. 60, at 2; Doc. No. 1-1. Nor does Plaintiff explain how these prescriptions would be relevant to the claims asserted. *See Turco*, 2019 WL 2255654, at *5; *Douglas*, 2016 WL 1637277, at *2; *Sanchez*, 2013 WL 2352142, at *2.

In Interrogatory No. 2, Plaintiff asks OptumRx to explain in detail "the cause of the employment-status discrepancy that occurred between May 2021 and September 2021," to include how Plaintiff's status was recorded in several different systems. Doc. No. 60-2, at 2. *See also* Doc. No. 60, at 2. In response, OptumRx explained that it was a Pharmacy Benefit Manager, had no role in Plaintiff's employment, and thus has no responsive information. Doc. No. 60-4, at 2. *See also* Doc. No. 61, at 2. OptumRx also objected to the extent the interrogatory sought information maintained by other entities and that the information was not in OptumRx's possession, custody, or control. Doc. No. 60-4, at 2. *See also* Doc. No. 61, at 2.

Upon consideration, OptumRx's objections are sustained. In her motion, Plaintiff does not address OptumRx's objections, but instead argues that the information sought relates to how pharmacy coverage remained active on OptumRx's systems while "concurrent medical feeds reflected a terminated status." Doc. No. 60, at 2. Not only is this explanation itself confusing, but it does not correctly characterize Interrogatory No. 2, which addresses an "employment-status discrepancy," payroll, and benefits, without explaining how OptumRx would have such information. *See id.* Nor does Plaintiff explain how issues between May and September 2021 relate to any of her asserted claims. *Id.* *See also Sanchez*, 2013 WL 2352142, at *2; *Turco*, 2019 WL 2255654, at *5; *U.S. Equal Emp. Opportunity Comm'n v. Enter. Leasing Co. of Fla., LLC*, No. 0:23-cv-61744, 2024 WL 1210364, at *9 (S.D. Fla. Mar. 21, 2024), *aff'd sub nom. U.S. Equal Emp. Opportunity Comm'n v. Enter. Leasing Co. of Fla., LLC*, No. 23-61744, 2024 WL 6954124 (S.D. Fla. May 6, 2024) (sustaining objection that information was outside of the party's possession, custody, or control).

Last, Interrogatory No. 6 is identical to Walgreens' interrogatory, and requests OptumRx to identify all systems and personnel who handled or reviewed two claims for Venlafaxine prescriptions on May 17, 2021 and May 19, 2021, and to explain the reason for any "exception-queue placement." Doc. No. 60-2, at 3. *See*

*also* Doc. No. 60, at 2. OptumRx objected on the basis of relevancy. Doc. No. 60-4, at 4. *See also* Doc. No. 61, at 3.

OptumRx's objections are sustained. There is no mention of these prescriptions in the second amended complaint (Doc. No. 1-1), and Plaintiff does not address relevancy in her motion to compel, instead stating that OptumRx processed these claims, and has direct knowledge about the requested information. *See* Doc. No. 60, at 2. This is insufficient. *See Sanchez*, 2013 WL 2352142, at *2; *Turco*, 2019 WL 2255654, at *5. *See also Jones v. Z.O.E. Enters. of Jax, Inc.*, No. 3:11-cv-377-J-32MCR, 2012 WL 3065384, at *2 (M.D. Fla. July 27, 2012) (denying a motion to compel when the moving party failed to make an adequate initial showing of relevancy).

Accordingly, Plaintiff's motion to compel as to OptumRx (Doc. No. 60) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on November 17, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties